Good morning. May it please the court, good morning. My name is Brent Whittlesee and I'm appearing this morning on behalf of the appellant in this case. And I would like to reserve 3 minutes of time for rebuttal. This appeal concerns the enforcement of a criminal restitution judgment. The issue that's presented in this case is whether the United States may enforce a criminal restitution judgment against funds on deposit in an ERISA qualified pension plan. Based on this court's reasoning in McIntyre, which is a tax case that presents closely related issues, we believe that the United States does have the authority to garnish a criminal judgment debtor's ERISA qualified pension plan. It's clear from McIntyre that And that's because, as this court held in McIntyre, there's an explicit carve-out of tax matters from the anti-alienation provisions in ERISA. Well, it would have been easier if they had just said it, right? Well, if Congress had just said it in the statute? Yes. Well, they said notwithstanding any other federal law, including ERISA. So I take it that they did say it, actually, Your Honor. And I take it that they said it also in the criminal code, in Title 18, in the provision that concerns exemptions from federal execution, where they said, notwithstanding any provision of ERISA, the following property is exempt from execution, and the following property as described in the statute does not include ERISA qualified pension plans. Your Honor, the Jackson case is something that is discussed in our brief and that we need to address, we believe, in connection with this case. We believe that Jackson is distinguishable. All right. And it obviously needs to be distinguishable, because if it isn't, we have to follow it, right? Yes. And Jackson concerned a very different kind of proceeding. Jackson concerned a criminal restitution sentencing. And the question in Jackson was whether the district judge, in imposing a criminal restitution judgment, could order a defendant to cash out a pension plan and apply those assets to the criminal restitution judgment. And this Court held that at the time of sentencing, the district court did not have the authority to do that. We believe that's all that Jackson held. Anything else in Jackson is not the very different situation, because we have a judgment that was entered several years ago. This judgment is not at the sentencing stage. It's at the judgment enforcement stage. And that's a big difference. So under the authority of this Court's ruling in McIntyre, we believe that the same reasoning should be applied in criminal restitution judgments and that the United States should be able, in fact, to reach a debtor's or risk-qualified pension plan for the limited purpose of satisfying a criminal restitution judgment. What, in terms of, you know, social policy or congressional intent, what, you know, what makes, you know, victim restitution and the government's responsibility to collect that fall into that category or make it more like tax lien? Your Honor, the Every debtor would like to get at any money that anyone has. I mean, every, you know, everyone owed a debt would like to get at the money that anyone has. Right. Your Honor, I think the answer is that Congress adopted exemption provisions in Title 18, Section 3613, and they made policy decisions about the rights of crime victims on the one hand and the rights of criminal defendants on the other hand. And the policy decision that they made was that if you are convicted of a theft offense in federal criminal proceedings, you're going to have to pay the money back even out of your risk-qualified pension plan. This Court recently held in a case called Lockhart against the United States that Social Security benefits may be offset to satisfy unpaid student loans. And the Supreme Court Counsel? Yes, Your Honor. How do you square Guidry? The Supreme Court told us that it had to be precise and clear. And there's nothing here that tells us that you can get at ERISA benefits in a pension plan. Now, had this been put into the ERISA statute, we'd have a different situation. But I think looking at Guidry and looking at Jackson, you have a very tough role to hold. Your Honor, Guidry was decided before the Anti-Terrorism and Effective Death Penalty Act was adopted. And in that statute, the Court — I'm sorry, the Congress made a specific statutory carve-out of ERISA-qualified pension plans. Yes, it's — no, it didn't. It said Social Security and federal taxes and said other federal statutes. But it seems to me that the general cannot override the specific. Well, certainly it's true that the general cannot override the specific. And the question becomes which is the general and which is the specific. And we believe that the specific statute is the criminal restitution enforcement statute, which is Title 18, Section 3613. It says notwithstanding any other provision of federal law, including ERISA, the United States — It doesn't say — it doesn't say including ERISA in the statute. It says, quoting Section 3613a, enforcement, notwithstanding any other federal law, including Section 207 of the Social Security Act, a judgment imposing a fine may be enforced against all property rights of the person fined, except — and then it lists the exemption. Well, a fine is different, isn't it, from restitution order? It is different, of course, Your Honor. But the statutes provide that the same remedies that are applicable to fines under the statute also apply to the enforcement of judgments for restitution. That's in 3663F. You're at three minutes. Thank you. Would you like to reserve the balance of your time? I would.  Thank you. Good morning, Your Honor. My name is Martin Baxt. I represent the defendant, Mr. Novak. I think that initially, if we look at 36 — well, first of all, if we look at Guidry — and in Guidry, our Supreme Court said if exceptions to this policy are to be made, it is for Congress to undertake the task. And if we start with that and then we shift over to 3613A, that section starts with the following language. The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for enforcement, et cetera. Congress very easily could have added two words to that and said if the United — the United States may enforce a judgment imposing a fine or restitution in accordance with the practices and procedures. Congress chose not to do that. I believe that Jackson controls, and I believe that the direction given by Guidry, namely that if an exception to the policy is to be made, it's for Congress to undertake it, the fact that Congress hasn't undertaken it in the 16 years since Guidry is some indication that the anti-alienation provisions of ERISA still are good law with respect to whether or not the government can invade that particular money to pay a civil restitution order. There are cases that are cited by the government in its brief, more specifically U.S. v. James, that talks about restitution, but that is specific. It's restitution owing to the government, not restitution owing, as in this case, to a multinational corporation. And there's a difference there. We know from reading the briefs that a state tax authority, in this case the California Franchise Tax Board, can't take ERISA money to pay state taxes. If a state taxing authority, which arguably is collecting money for the benefit of all of the people in the state, can't touch the money, why then should the court allow the government to act as a collection agent for a private corporation or even an individual to collect money? It just doesn't make sense. I think we shift back to Guidry when Guidry says it's up to Congress to carve out that particular exception. We're still left with the anti-alienation provisions of ERISA, and I believe Jackson is controlling in this particular case. Also, the government, a few days ago, pursuant, I believe it's Rule 28 of the Federal Rules of Appellate Procedure, cited a case of Lazorowitz, and I believe that case still holds, as did U.S. v. James, which is cited in the briefs, that we're talking about restitution owing to the government. I don't think that there's any question that if Mr. Novak or any defendant were an employee of a governmental agency and embezzled money from the government, that's restitution owing to the government. That's not the case here, and I don't think that the government should act as a private collection agency to do that. Kennedy. Well, the purpose of the Crime Victims Restitution Act is to make the government a collection agency for victims. But not with respect to ERISA funds. And I believe that that requires the issue. That's the issue. That is still the issue. But as a global question, it covers victims. That's the purpose of the Act. That's what Congress is trying to do. I agree. And as I said, in the 16 years that followed Guidry, Congress has modified ERISA, but has never sought to address directly that particular provision. And I don't think that Guidry indicates to us that inferentially Congress may act, and we have to somehow interpret that. There's a direct statement that if exceptions to the policy are made, it's for Congress to undertake the task. And I believe that's the case. Well, Jackson's your strongest case, isn't it, our Jackson case? That is. And, of course, the holding in the Ninth Circuit's a case of U.S. v. Jackson. But in that case, they weren't addressing, the Court wasn't addressing Section 3613A, was it? No. It wasn't. But Congress still has to act within the confines, so to speak, of the law. And if Congress fails to act, whether it's 3613A or some other provision, we're still left with the anti-alienation provision of ERISA and nothing having been done in the, in this case, the 16 years following Guidry to change that. So I think we still have to follow Guidry in that regard. Thank you. All right. Thank you. Your Honor, as Judge Goodwin has noted, the Attorney General has been instructed by Congress to collect restitution on behalf of victims of crime, and that's why we do it. We've been told to do it. Counsel made an effort to distinguish between restitution orders in favor of the United States on the one hand and in favor of multinational corporations on the other. There's no difference under federal law with respect to the remedies available for collection of restitution. Widows and orphans are treated the same as multinational corporations. The next case that comes up may be a restitution order in favor of widows and orphans. Well, so your position is that 3613 as a criminal restitution order is a lien in favor of the United States? Yes, Your Honor. Yes. Now, and the final point, Your Honor, is that there is, all of the remedies that are provided for the collection of fines are also applicable to the collection of restitution under the criminal code, and that's set forth in section 3664, subsection M, which is noted at page 7 of our brief. Thank you for your time. Thank you. Counsel, thank you both for your comments and argument. This matter now stands submitted. Artist Manuel Higgins v. M. Yarborough, case number 0456731.
judges: Goodwin, B. Fletcher, Callahan